**Application of David Fred HAGLER for a writ of habeas corpus.**

**No. H. C. No. 382.**

United States District Court
D. Hawaii.

Oct. 19, 1965.

Joseph A. Ryan, Honolulu, Hawaii, for David Fred Hagler.

Herman T. F. Lum, U. S. Dist. Atty., by Yoshimi Hayashi, Asst. U. S. Dist. Atty., for the U. S. Government.

TAVARES, District Judge.

David Fred Hagler was charged with the felony of unlawful flight to avoid state prosecution. He filed an affidavit with the United States Commissioner certifying that he was financially unable to obtain counsel. Pursuant to the recently-enacted Criminal Justice Act of 1964 (18 U.S.C. § 3006A), the commissioner appointed Joseph A. Ryan, Esquire, to represent the defendant " * * before the Commissioner and in all matters thereafter unless and until relieved by order of the District Court * * *."

Before the defendant was required to plead to the charge, his counsel successfully prosecuted a petition for a writ of habeas corpus and obtained an order discharging the defendant from federal custody. Counsel now submits the usual form of "voucher for compensation and expenses of appointed counsel."

A possible obstacle to payment has been suggested: The Criminal Justice Act of 1964 is not thought to apply to habeas corpus proceedings, which are civil in nature.

The Act itself provides broadly that:

"A defendant for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States Commissioner or court through appeal." 18 U.S.C. § 3006A (c).

But a committee of the Judicial Conference of the United States, which was formed to implement the Act, reads the legislative history of the Act as 'imposing a specific limitation on the scope and applicability of the new statute, in that it does not apply in habeas corpus cases, in proceedings to vacate sentences brought under 28 U.S.C. § 2255, or in any other proceeding of a similar character, which is collateral to the original criminal case.'

It may well be that the committee believed that Congress did not intend to provide counsel for repeated attempts to make collateral attacks on a judgment once rendered, and that the committee did not mean to refer to an application for a writ of habeas corpus made before judgment, as in the case at bar.

But it is not necessary for this Court to decide whether or not the Act was meant to apply to a petition for a writ of habeas corpus before judgment. Here the petition was equivalent to a motion pursuant to Rules 12 and 48 of the Federal Rules of Criminal Procedure, and had it been cast in that form, counsel would unquestionably be entitled to compensation. Therefore, this Court will look to the substance of what was accomplished for the defendant here, and disregarding the form in which it was done, allow compensation pursuant to the Act.